IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff,<br><br>v.<br><br>JOEL TAVARES-CASTRO,<br>aka "Jorge Román-Morales", Defendant | CRIM. NO. 11-278(FAB) |

**PLEA AGREEMENT**
(Pursuant to Rule 11(c)(1)(B) FRCP)

**TO THE HONORABLE COURT:**



**COMES NOW**, Plaintiff, the United States of America, through its undersigned counsel, Defendant, Joel Tavares-Castro and Defendant's counsel, Vivianne M. Marrero-Torres, Esq., Assistant Federal Public Defender; and hereby state that they have entered into the following plea agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure (Fed.R.Crim.P.).

1. **DEFENDANT PLEADS GUILTY TO 18 U.S.C. § 1546(a)**

Defendant agrees to plead guilty to COUNT ONE of the Indictment which charges Defendant with knowingly and unlawfully uttering, possessing, and or using or attempting to use documents prescribed by statue or regulation as evidence of authorized stay in the United States, which he knew to be forged or unlawfully obtained.

2. **MAXIMUM PENALTIES**

The maximum penalties for the offense to which Defendant is pleading guilty is a term of imprisonment of not more than ten (10) years, a fine not greater than two hundred fifty thousand dollars ($250,000.00), and a term of supervised release of no more than three (3) years.

3. **SPECIAL MONETARY ASSESSMENT**

Defendant shall pay a special assessment of one-hundred dollars ($100.00), as required by 18 U.S.C. § 3013(a).

4. **APPLICABILITY OF SENTENCING GUIDELINES**

Pursuant to the decision of the Supreme Court of the United States in the case of <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory.

5. **FINES**

Defendant is aware that the Court may order Defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release.

6. **RULE 11(c)(1)(B) WARNINGS**



Defendant's sentence is within the sound discretion of the sentencing judge and will be imposed in accordance with the Guidelines (including the <u>Guidelines Policy Statements, Application, and Background Notes</u>). The Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which he pleads guilty. If the Court should impose a sentence up to the maximum established by statute, Defendant cannot for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.



7. **SENTENCING GUIDELINE CALCULATIONS and SENTENCE RECOMMENDATION**

Listed in the table below are an estimate of the applicable sentencing guideline calculations.

| SENTENCING GUIDELINES CALCULATION TABLE<br>< COUNT ONE ><br>Title 18 U.S.C. § 1546(a) | |
|---|---|
| BASE OFFENSE LEVEL<br>U.S.S.G. Manual 2010 [§ 2L2.2] | 8 |
| Acceptance of responsibility [§ 3E1.1(a)] | -2 |
| **TOTAL OFFENSE LEVEL** | **6** |

**Sentencing Recommendation.** The parties agree to recommend a sentence at the lower end of the applicable guideline range, pursuant to Fed.R.Crim.P. 11(c)(1)(B) and 18 U.S.C. §3553(a).

8.   **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties make no stipulation as to Defendant's Criminal History Category.

9.   **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and Defendant agree that no further adjustments or departures to Defendant's base offense level shall be sought by the parties.

10.  **IMPACT UPON IMMIGRATION STATUS**



Defendant is an alien. Defendant acknowledges that pleading guilty and entering into this plea may have negative effects upon Defendant's immigration status with the United States.

11.  **SATISFACTION WITH ATTORNEY**

Defendant is satisfied with Defendant's attorney Vivianne M. Marrero-Torres, Esq. and hereby indicates that counsel has rendered effective legal assistance.



13.  **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this agreement, Defendant surrenders certain rights as provided in this agreement, which include the following:

(a)   If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree;

(b)   If a jury trial is conducted, the jury would be composed of twelve (12) lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it



was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately;

(c) If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt;

(d) At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could compel their attendance by subpoena power of the Court;

(e) At trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 13. STIPULATION OF FACTS

The parties agree that there is a sufficient basis in fact to support Defendant's guilty plea in this case. The parties further agree that the facts contained in the attached government's version of facts are true and correct, and that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## 14. JURISDICTIONAL LIMITS OF PLEA AGREEMENT

This plea agreement does not extend to or bind other federal districts, federal civil and/or tax authorities, and/or State or Commonwealth of Puerto Rico tax authorities, civil and/or State or Commonwealth of Puerto Rico law enforcement authorities.

## 15. ENTIRETY OF PLEA AGREEMENTS AND AMENDMENTS

This document constitutes the entire plea agreement between the parties. The parties deny the existence of any other terms and conditions not stated herein. No additional promises, terms or conditions will be entered unless in writing and signed by all parties.

U.S. v. Joel Tavares-Castro CR11-278(FAB)
Plea Agreement, Page 5 of 8

### 16. WAIVER OF APPEAL

The Defendant hereby agrees that if this Honorable Court accepts this agreement and sentences him according to its terms and conditions, that is, within the proposed sentence calculation and guideline range, the defendant freely, voluntarily and knowingly waives and surrenders his right to appeal the culpability, conviction, judgment, sentence, or any alleged violations to his Constitutional rights in this case both civilly and criminally.

### 17. VOLUNTARINESS OF PLEA

Defendant is entering into this plea agreement without compulsion, threats, or any other promises from the United States Attorney or any of his agents. No threats have been made against Defendant. Defendant is pleading guilty freely and voluntarily because Defendant is, in fact, guilty.

ROSA EMILIA RODRÍGUEZ-VÉLEZ
United States Attorney

_____
José A. Ruiz-Santiago
Assistant U.S. Attorney
Chief, Criminal Division
Date: 8/12/11

_____
Scott H. Anderson
Assistant U.S. Attorney
Acting Chief, White Collar/General Crimes
Date: 11 Aug 11

_____
Russell E. Booker III
Special Assistant U.S. Attorney
Date: 10 AUG 2011

_____
Joel Tavares-Castro, Defendant
Date: 8/18/2011

_____
Vivianne M. Marrero-Torres, Esq.
Assistant Federal Public Defender
Counsel for Defendant
Date: 8/18/11

I have consulted with my counsel and fully understand all my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my decision to enter a guilty plea in this instant case. In addition, I understand my rights with respect to the provision of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and I voluntarily agree to it.

Date: 8/18/2011

_____
Joel Tavares-Castro, Defendant

I am the attorney for Defendant. I have fully explained to Defendant Defendant's rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with Defendant. To my knowledge, Defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all the consequences of Defendant's plea of guilty.

Date: 8/18/2011

_____
Vivianne M. Marrero-Torres, Esq.
Assistant Federal Public Defender
Counsel for Defendant

## GOVERNMENT'S VERSION OF THE FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following summary setting forth the United States' version of the facts leading to Defendant's acceptance of criminal responsibility for Defendant's violation of 18 U.S.C. §1546(a):

- On or about 09 July 2011 at the Luis Muñoz Marín International Airport in Carolina Puerto Rico (PR), Defendant Joel Tavares-Castro, a citizen of Dominican Republic (DR), was found in the United States attempting to board JetBlue flight # 738 bound to the city of Orlando FL.

- During the inspection Defendant presented to the Customs and Border Protection (CBP) Officers a PR driver's license #XX8735 issued under the name of Jorge Román Morales. The PR driver's license contained Defendant's photograph and Defendant claimed to be the rightful bearer thereof.

- Defendant was referred for a more thorough interview and a closer examination of the documents that he presented, due to the fact that the documents appeared to be counterfeit.

- During this process a Social Security card number XXX-XX-0793, also issued under the name of Jorge Luis Román-Morales, was found in Defendant's possession.

- Since the driver's license presented by Defendant appeared to be altered he was advised of his *Miranda* warnings; Defendant waved his right to remain silent and to legal representation and provided a sworn statement in which he stated his true name was Joel Tavares-Castro and he was a citizen of the DR.

- Defendant also disclosed that the Social Security card and the PR driver's license were bought from a document street vendor by the name of "Alex" in Puerto Nuevo PR to whom he paid $2500. He bought the documents and used them in order to travel to New York.

- An inspection using the DR "Cédula" database confirmed Defendant's true identity as Joel Tavarez-Castro, in addition to his DR Passport.

- Defendant attempted to travel to the US mainland under the assumed name of Jorge Luis Román-Morales using a PR driver's license and Social Security card obtained by fraud and/or unlawfully obtained to establish his proof of authorized stay in the US in violation of 18 U.S.C. §1546(a).

Had the government proceeded to trial, it would have presented the testimony of CBP Officers, Defendant's statements, including his statement under oath, and expert testimony from the Forensic Document Laboratory. Discovery was provided to the defense.

*[signature]*
Russell E. Booker III
Special Assistant U.S. Attorney
Date: 10 AUG 2011

*[signature]*
Joel Tavares-Castro, Defendant
Date: 8/18/2011

*[signature]*
Vivianne M. Marrero-Torres, Esq.
Assistant Federal Public Defender
Counsel for Defendant
Date: 8/18/2011

Plea Agreement NON-FT 1546 JOEL TAVARES-CASTRO.wpd